IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARCUS T. REUM, et al., | CV 21–80–M–DWM |
| Petitioners, | |
| vs. | ORDER |
| MARY A. REUM, et al., | |
| Respondents. | |

Petitioners filed a Motion to Proceed in Forma Pauperis (Doc. 2) and a "petition for writ of mandamus" aimed at the American Bar Association.[1] Petitioners ask the Court to compel the American Bar Association to cease its allegedly fraudulent and tortious activities, including "removing the [Seventh] Amendment protected right to a jury in all family law courts," (Doc. 1 at 8 (footnotes omitted)), and it seeks to compel the States of Washington and Florida to appear in federal court, (*id.* at 30). Petitioners' motion to proceed in forma pauperis is granted, but because the Court lacks jurisdiction over Petitioner's petition for writ of mandamus, the petition is denied.

I.  **Motion to proceed in forma pauperis**

---

[1] The Petition also names as Respondents a number of individuals. However, the petition appears to request relief only from the American Bar Association. (*See* Doc. 1 at 1.)

1

Plaintiff Reum apparently "owned a multi-million-dollar construction entity in Alaska, in 2014," (Doc. 1 at 27), but he avers in his motion to proceed in forma pauperis that he currently receives no income apart from that disbursed by the Veteran's Administration and he is not employed, (Doc. 2 at 1.) Petitioners' motion, although bare bones, is sufficient to make the showing required by 28 U.S.C. § 1915(a). (*See* Doc. 2 at 1.) Accordingly, the request to proceed in forma pauperis is granted.

## II.   Screening Standard

Because Petitioners are proceeding in forma pauperis, their Petition must be reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The "frivolousness standard" authorizes the sua sponte dismissal of an in forma pauperis filing "if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Neitzke v. Williams*, 490 U.S. 319, 322 (1989) (internal quotations omitted).

While complaints filed in forma pauperis must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted), Petitioners here

filed a petition for writ of mandamus, (Doc. 1). Under 28 U.S.C. § 1361, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

### III.   Screening Analysis

Here, Petitioners allege constitutional violations and tortious conduct by the American Bar Association and the States of Washington and Florida. However, under the statute governing petitions for writs of mandamus, the writ must be directed at a federal government officer, employee, or agency. 28 U.S.C. § 1361. The American Bar Association is not a government agency, nor do Petitioners allege facts demonstrating that the American Bar Association owes them a duty. Furthermore, to the extent Petitioners seek to compel action from Washington and Florida, the Eleventh Amendment bars their claims. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (recognizing that "each State is a sovereign entity in [the] federal system; and . . . it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent") (internal quotations and alterations omitted). Thus, because Petitioners have not petitioned for a writ of mandamus against a government officer, employee, or agency, and there are no facts indicating that Washington and Florida have waived their sovereign immunity, this Court lacks original jurisdiction over the Petition. And

because these are not defects that could be cured by amendment, dismissal with prejudice is appropriate.

## IV. Conclusion

Based on the foregoing, IT IS ORDERED that:

(1) Plaintiffs' motion to proceed in forma pauperis (Doc. 2) is GRANTED.

(2) This matter is DISMISSED WITH PREJUDICE.

(3) Petitioners' motion for emergency ex parte order (Doc. 7) and Petitioners' motion to quash and show cause (Doc. 9) are DENIED as MOOT.

(4) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(5) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

DATED this 10th day of August, 2021.

10:07 AM

Donald W. Molloy, District Judge
United States District Court